IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| STEPHEN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>GARY HERBST,<br><br>Defendant. | CV-12-27-H-DLC-RKS<br><br>**FINDINGS & RECOMMENDATION TO DISMISS** |

## I. SYNOPSIS

Mr. Kelly filed a pro se complaint alleging Helena Police Officer Gary Herbst violated his rights by threatening to arrest him if he contacted St. Peter's Hospital ever again. C.D. 2. Mr. Kelly has been granted leave to proceed in forma pauperis and his complaint will now be reviewed under 28 U.S.C. § 1915 and 28

U.S.C. § 1915A. Mr. Kelly's complaint should be dismissed because he lacks standing and his claim is not ripe. These defects cannot be cured by amendment.

## II. REVIEW UNDER 28 U.S.C. § 1915 and 28 U.S.C. § 1915A

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Complaints filed pro se must be liberally construed and held to less exacting standards than formal pleadings submitted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200. Complaints for plaintiffs proceeding in forma pauperis are required to be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Such complaints must be dismissed prior to being served upon defendants if they are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners). "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)(per curiam).

## III. ALLEGATIONS

Mr. Kelly alleges he received inadequate medical care from St. Peter's

Hospital in Helena, Montana during October 2011. C.D. 2, p. 8. Mr. Kelly says he filed a complaint with the hospital and Ms. Michelle Rush, a risk management staff member, called him many times urging him not to sue. *Id.* at 9-10. Mr. Kelly alleges he informed Ms. Rush he retained an attorney to handle his medical malpractice claim, and his attorney advised him not to speak with hospital officials whatsoever. *Id.* at 10.

Mr. Kelly says his wife also received neglectful care from St. Peter's on March 5, 2012, and he, having obtained legal guardianship over his wife, called Ms. Rush to file a complaint regarding this new incident. *Id.* at 12. Defendant Helena Police Department Officer Herbst called Mr. Kelly on March 8, 2012, after receiving a complaint from Ms. Rush regarding Mr. Kelly's telephone calls. *Id.* at 13. Mr. Kelly alleges "[t]he complaint per Michelle Rush articulated no physical threat, no violence natured threat's [sic], & no threat's to do damage to property, or any person's, or hospital staff." *Id.* at 14. To the extent this allegation seeks to establish Mr. Kelly's phone calls to Ms. Rush were not threatening and violated no law, that is a legal conclusion that cannot be considered under *Iqbal*.

Mr. Kelly alleges Officer Herbst told him never to call, contact, or write St. Peter's Hospital staff or administration ever again, even for new incidents, or he would arrest Mr. Kelly on serious criminal charges. *Id.* at 19. Mr. Kelly contends

Officer Herbst's actions have prevented him from filing a grievance with the hospital and interfered with his First Amendment right to free speech. *Id.* at 20. He seeks an injunction preventing Officer Herbst from arresting him if he contacts the hospital, and punitive damages of $85,000. *Id.* at 27.

**IV.  DISCUSSION**

    **A.  Standing**

Every litigant in federal court must establish standing. Standing determines "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Article III of the United States Constitution requires a plaintiff to show that the offending conduct caused him an "injury in fact" that a judgment in his favor will redress. *Id.* at 12. The injury in fact must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical ...." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).

Mr. Kelly does not allege an injury in fact and thus lacks standing. Mr. Kelly alleges Officer Herbst will arrest him for a serious crime if he contacts the hospital again regarding medical malpractice claims. Mr. Kelly contends that although he believes his telephone calls violated no law, he will not contact the hospital again for fear of prosecution. Mr. Kelly's fear of potential future

prosecution under an unnamed statute does not satisfy the concrete and imminent requirements for an injury in fact. The federal courts cannot become involved in every situation where a citizen believes a police officer wrongly threatens arrest. In fact, police officers are not liable for arresting individuals mistakenly, so long as their mistake is reasonable. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The officer's mistake can be one of law, fact, or a combination of the two. *Id.* Here, Mr. Kelly has not even been arrested, much less mistakenly so. He has been warned against what Officer Herbst asserted was illegal conduct. Mr. Kelly does not allege a sufficient injury in fact under § 1983. His complaint therefore fails to state a claim.

### B. Ripeness

Courts may not consider cases that are not yet ripe for decision. *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009). "The role of the courts is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies." *Id.* (omitting internal quotations). Ripeness consists of constitutional and prudential inquiries. The constitutional inquiry is a three-part test: "(1) whether the plaintiff has articulated a concrete plan to violate the law in question; (2) whether there has been a threat of prosecution from the state; and (3) whether the statute at issue has previously been enforced."

*Id.* The prudential inquiry considers whether the issue is fit for judicial decision and the hardship faced by the parties by not having a judicial determination. *Id.*

In *Maldonado*, Mr. Maldonado challenged the constitutionality of the California Outdoor Advertising Act (COAA) in federal court after being enjoined and cited for contempt in California State Court for violations of the COAA. *Id.* at 1041. Mr. Maldonado's claim was ripe because his current conduct was violating the law, there were threats of prosecution, and the law had been enforced against him previously. *Id.* at 1044. Under the prudential analysis, the record needed no further development for decision and withholding consideration of Mr. Maldonado's claim would have risked another contempt of court charge against him in order to proceed with his lawsuit. *Id.* at 1045.

Mr. Kelly's claim is not ripe. Unlike Mr. Maldonado, he points to no law that he has violated or that he plans to violate. He actually says he will not contact the hospital again for fear of prosecution, even though he alleges he has done nothing wrong. Step one of the constitutional inquiry has not been satisfied because Mr. Kelly has no concrete plan to violate any law. At step two there has not been a threat of prosecution for actions already committed; rather, Officer Herbst threatened arrest for continued future action. This could possibly satisfy step two. Step three is not met because there is no indication the state has

prosecuted Mr. Kelly for any similar conduct in the past.  Mr. Kelly's claim fails under the constitutional ripeness analysis at steps one and three.

Under the prudential ripeness analysis, this claim clearly is not fit for judicial decision nor is there substantial hardship to Mr. Kelly in withholding decision.  Mr. Kelly has not been prosecuted for his telephone calls to the hospital.  He has been warned by Officer Herbst that continued contact regarding this claim or future claims may result in prosecution for violation of an unknown statute.  This does not amount to a violation of Mr. Kelly's civil rights under § 1983.  A mere warning by a police officer to desist possibly illegal conduct, even if in error, does not state a federal claim.

## V.  CONCLUSION

District courts have discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Pro se plaintiffs proceeding in forma pauperis must be allowed to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).  It is clear Mr. Kelly could not cure the standing and ripeness deficiencies by amendment.  He should not be granted leave to amend his complaint.

Therefore,

## RECOMMENDATION

1. Mr. Kelly's complaint should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Kelly may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of May, 2012.

*/s/Keith Strong*
Keith Strong
United States Magistrate Judge