

FILED
AUG 2 3 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| STEPHEN KELLY, | ) | CV 12-27-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GARY HERBST, | ) | |
| | ) | |
| Defendant. | ) | |

United States Magistrate Judge Keith String entered Findings and Recommendation on May 10, 2012, and recommended dismissing Plaintiff Stephen Kelly's Complaint based on his findings that Kelly lacks standing and that his claim is not yet ripe. Plaintiff Kelly did not timely object to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,</u> 656

F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff Kelly believes he and his wife recently received substandard medical care at St. Peter's Hospital in Helena, Montana. According to Kelly's Complaint, he had a series of discussions with a member of the hospital's risk management staff regarding his grievances. As a result of these discussions, the staff member called the Helena Police Department to complain about Kelly's actions. According to Plaintiff Kelly, the complaint prompted Officer Gary Herbst, the Defendant in this case, to call Kelly and advise him that he would be arrested if he ever attempted to contact hospital staff or administration again. Plaintiff Kelly alleges this warning by Officer Herbst violated his right to free speech. Kelly seeks an injunction preventing Herbst from arresting him if he contacts the hospital again, as well as punitive damages of $85,000.00.

Judge Strong recommends dismissal of the Complaint on two grounds. First Judge Strong concludes that Plaintiff Kelly lacks standing to bring his claim because he has not alleged an injury in fact. Judge Strong explains that Plaintiff Kelly has not been arrested and that a police officer's wrongful threat of arrest, which has not been carried out, does not satisfy the injury-in-fact requirement.

The claim is also not ripe, Judge Strong concludes, because Plaintiff Kelly has no concrete plan to violate the law and he has not been prosecuted for similar conduct in the past.

The Court finds no clear error with Judge Strong's Findings and Recommendations (Doc. No. 7) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without leave to amend on the basis that it is clear the defects in Plaintiff Kelly's allegations could not be cured by any amended pleading. The Clerk of Court is directed to enter a judgment of dismissal.

DATED this 23rd day of August, 2012.

Dana L. Christensen, District Judge
United States District Court